IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
THOMAS NORTON, # 326218,       *
                               *
     Petitioner,               *
                               *
vs.                            *   CIVIL ACTION NO. 23-00448-KD-B
                               *
DAVID LAMAR,                   *
                               *
     Respondent.               *
```

**REPORT AND RECOMMENDATION**

Petitioner Thomas Norton ("Norton"), an Alabama state prisoner in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). The District Judge assigned to this case referred Norton's petition to the undersigned Magistrate Judge for consideration and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8(b) of the Rules Governing Section 2254 Cases. The undersigned has reviewed the parties' filings and exhibits and finds there is sufficient information before the Court to resolve the issues presented without an evidentiary hearing.[1] For the reasons set forth below,

---

[1] Because Norton filed his federal habeas corpus petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). "AEDPA expressly limits the extent to which hearings are permissible, not merely the extent to which they are required." Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1337 (11th Cir. 2004). Norton has failed to establish that an evidentiary hearing is warranted in this case. See Birt v. Montgomery, 725 F.2d 587, 591 (11th Cir. 1984) (en

the undersigned recommends that Norton's habeas petition (Doc. 1) be **DISMISSED with prejudice** as time-barred pursuant to 28 U.S.C. § 2244(d)(1), and that judgment be entered in favor of Respondent Warden David Lamar and against Petitioner Norton. The undersigned further recommends that Norton be **DENIED** a certificate of appealability and permission to appeal in forma pauperis.

I. BACKGROUND

On July 24, 2020, a grand jury in Baldwin County, Alabama indicted Norton for reckless murder, a violation of Alabama Code § 13A-6-2(a)(2). (Doc. 8-3). The indictment alleged that "in the course of fleeing from Summerdale Police Officers, Thomas Norton was driving at excessive speeds, recklessly driving, and failed to stop at a stop sign which led to the crash that caused the death of Pearly Mae Mason." (Id. at 1). The grand jury also indicted Norton for attempting to elude, a violation of Alabama Code § 13A-10-52(c). (Doc. 8-4). The indictment alleged that Norton "did intentionally flee from a person he knew to be a law enforcement officer and whom he knew was attempting to arrest him and said flight did cause the death of Pearly Mae Mason, an innocent bystander or third party." (Id. at 1). The court consolidated the cases against Norton for trial, which commenced on March 8, 2021. (Doc. 8-22 at 6). On March 10, 2021, the jury found Norton

---

banc) ("The burden is on the petitioner in a habeas corpus proceeding to establish the need for an evidentiary hearing.").

2

guilty of reckless murder and attempting to elude as charged in the indictments, and the court adjudicated Norton guilty of those offenses. (Docs. 8-5, 8-6, 8-7, 8-8). On April 28, 2021, the court sentenced Norton to twenty-five years in prison for reckless murder and two years in prison for attempting to elude, with those sentences to run concurrently. (Docs. 8-9, 8-10).

Norton appealed his conviction to the Alabama Court of Criminal Appeals. (Doc. 8-11). On direct appeal, Norton, through his appellate counsel, argued: (1) the circuit court erred in denying his motion for judgment of acquittal because the State failed to prove he acted recklessly; and (2) the circuit court abused its discretion by allowing victim-impact testimony into evidence. (Doc. 8-12 at 4-9; Doc. 8-21 at 6, 10-15). On December 10, 2021, the Alabama Court of Criminal Appeals issued an unpublished memorandum opinion affirming Norton's convictions. (Doc. 8-12). Norton filed an application for rehearing in the Alabama Court of Criminal Appeals on December 17, 2021. (Doc. 8-13). The Alabama Court of Criminal Appeals overruled Norton's application for rehearing on January 7, 2022. (Doc. 8-14). On January 26, 2022, the Alabama Court of Criminal Appeals issued a certificate of judgment. (Doc. 8-15). Norton filed an untimely petition for writ of certiorari in the Supreme Court of Alabama on August 19, 2022, but the petition was stricken by the Supreme Court of Alabama as untimely filed on September 8, 2022. (Doc. 8-16).

On August 10, 2023, Norton filed a petition for writ of habeas corpus in the Baldwin County Circuit Court. (Doc. 8-17). In the petition for writ of habeas corpus, Norton claimed: (1) his Sixth Amendment right to trial by an impartial jury was violated because "the court and jury was not impartial but was in fact bias before trial and during trial" since "jurors or their spouses works for the state or for Baldwin County as well as law enforcement officers in cities inside Baldwin County;" and (2) the court showed its "bias" and failed to properly "instruct the jury" when it asked the jurors "if they were related to the defendant or if they knew the defendant or his family" but did not ask "if any jurors was related to or knew the victim or the victim's family." (Id. at 1). Norton also filed a petition for writ of habeas corpus in the Supreme Court of Alabama on August 10, 2023. (Doc. 8-20). The circuit court denied Norton's petition for writ of habeas corpus on August 24, 2023. (Docs. 8-18, 8-19). The Supreme Court of Alabama denied Norton's petition for writ of habeas corpus on October 12, 2023. (Doc. 8-20).

On November 22, 2023,[2] Norton filed the instant petition seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254.

---

[2] Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Absent evidence to the contrary, that date is assumed to be the date the prisoner signed the motion. Id. Norton's petition states that it was executed

4

(Doc. 1). In ground one of the instant petition, Norton claims that his "conviction [was] obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled" because "the jury or their spouse works for the state or for the county as probation officers, correctional officers an[d] law enforcement officers." (Id. at 6). In ground two, Norton claims that the trial "court failed to instruct the jury if they was related to the victim or knew the victim or victim's family" and "only instructed jury if they was related to or knew the Defendant or his family." (Id. at 7). Norton asserts that he raised both of these claims before the state courts on "State Habeas Corpus." (Id.).

Respondent filed an answer asserting that Norton's § 2254 habeas petition is time-barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1)(A). (Doc. 8 at 5-8). Respondent further contends that Norton's claims are unexhausted and procedurally defaulted. (Id. at 8-12). Norton filed a reply to Respondent's answer. (Doc. 9). Norton's habeas petition is now ripe for consideration.

II.   **STANDARD OF REVIEW**

The Court's review of Norton's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").

---

and delivered to prison officials for mailing on November 22, 2023. (Doc. 1 at 13).

Under the AEDPA, "the role of the federal courts is strictly limited." Jones v. Walker, 496 F.3d 1216, 1226 (11th Cir. 2007). Specifically, 28 U.S.C. § 2254 provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254.

Thus, a federal court may grant habeas relief only if the state court arrives at a conclusion contrary to that reached by the United States Supreme Court on a question of law or decides a case differently from the way the United States Supreme Court did on a set of materially indistinguishable facts, or if the state court's decision involves an unreasonable factual determination. Williams v. Taylor, 529 U.S. 362, 405 (2000); Price v. Vincent, 538 U.S. 634, 638-41 (2003) (noting that a federal habeas court

will disturb a state court's decision on the merits only if the petitioner shows that the decision was contrary to, or involved an unreasonable application of, clearly established constitutional law as determined by the Supreme Court, or if the decision rested upon an unreasonable factual determination).

"[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011). In other words, "if some fairminded jurists could agree with the state court's decision, although others might disagree, federal habeas relief must be denied. . . . [T]he deference due is heavy and purposely presents a daunting hurdle for a habeas petitioner to clear." Loggins v. Thomas, 654 F.3d 1204, 1220 (11th Cir. 2011); see also Greene v. Fisher, 565 U.S. 34, 38 (2011) (noting that the AEDPA standard is purposely onerous because "federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction") (quotation omitted); Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (noting that the AEDPA standard "is a difficult to meet . . . and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (quotations omitted).

7

Accordingly, in evaluating Norton's § 2254 petition, the Court takes care to abide by the stricture that "[a] federal court may not grant habeas relief on a claim a state court has rejected on the merits simply because the state court held a view different from its own."  Hill v. Humphrey, 662 F.3d 1335, 1355 (11th Cir. 2011); see also Reese v. Sec'y, Fla. Dep't of Corr., 675 F.3d 1277, 1286 (11th Cir. 2012) ("This inquiry is different from determining whether we would decide *de novo* that the petitioner's claim had merit.").  Having established the proper standard of review, the Court will proceed to examine the timeliness of Norton's claims.

## III. ANALYSIS

### A. Timeliness

Pursuant to 28 U.S.C. § 2244(d)(1), a state prisoner seeking a federal habeas corpus remedy must file his habeas corpus petition within a one-year period of limitation.  The statute provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme

> Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Where a petitioner asserts multiple claims with different dates triggering the statute of limitations under § 2244(d)(1), the applicable trigger date is determined on a claim-by-claim basis. Zack v. Tucker, 704 F.3d 917, 926 (11th Cir. 2013) (en banc). The one-year limitation period "typically begins to run on the date on which the petitioner's conviction became final." Wilmore v. United States, 2018 U.S. App. LEXIS 24541, at *4, 2018 WL 5295886, at *2 (11th Cir. Aug. 28, 2018) (citing 28 U.S.C. § 2244(d)(1)(A)).

Here, there is no allegation or information suggesting that any of the triggering dates provided in § 2244(d)(1)(B)-(D) apply to Norton's claims in grounds one and two of the instant petition. Thus, the one-year limitation period for those claims commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. § 2244(d)(1)(A).

As noted *supra*, the Alabama Court of Criminal Appeals affirmed Norton's convictions on direct appeal on December 10, 2021. (Doc. 8-12). Norton's application for rehearing was overruled, and the Alabama Court of Criminal Appeals issued a certificate of judgment

9

on January 26, 2022. (Docs. 8-14, 8-15). Although Norton petitioned the Supreme Court of Alabama for a writ of certiorari almost eight months later, his petition was stricken as untimely filed. (Doc. 8-16). Thus, Norton's conviction became final for purposes of § 2244(d)(1)(A) on January 26, 2022, when the Alabama Court of Criminal Appeals issued a certificate of judgment. See Taylor v. Oliver, 2022 U.S. Dist. LEXIS 122626, at *6, 2022 WL 2705246, at *2 (S.D. Ala. July 12, 2022) ("Because Petitioner did not *timely file* a petition for certiorari review in Alabama's highest appellate court, his conviction became final for federal habeas purposes on . . . the date on which the Alabama Court of Criminal Appeals entered a certificate of judgment in the direct review proceedings.") (emphasis added); see also Brown v. Hooks, 176 F. App'x 949, 951 (11th Cir. 2006) (per curiam); Pugh v. Smith, 465 F.3d 1295, 1299-1300 (11th Cir. 2006). Thus, in the absence of a tolling event, Norton had one year from January 26, 2022, within which to file a federal habeas petition.

Once the federal statute of limitations is triggered and begins to run, it can be tolled in two ways: through statutory tolling or equitable tolling. Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam). Statutory tolling is codified at 28 U.S.C. § 2244(d)(2), which tolls the one-year limitation period during the pendency of "a properly filed application for State post-conviction or other collateral review" of the

underlying judgment. See 28 U.S.C. § 2244(d)(2).[3] In this case, the limitation period was not statutorily tolled, because Norton did not file an application for state post-conviction or other collateral review in the year after his judgment of conviction became final, and the limitation period expired in January 2023. Norton did not file the instant § 2254 habeas petition until November 22, 2023. (See Doc. 1 at 13). Thus, Norton's federal habeas petition is time-barred, unless he can demonstrate that he is entitled to equitable tolling or make a credible showing of actual innocence.

B.   **Equitable Tolling**

Equitable tolling is available only where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (citation omitted). "Equitable tolling is an extraordinary remedy, which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." San Martin v.

---

[3] The pendency of a properly filed state post-conviction application "only *pauses* § 2244(d)(1)'s one-year clock; it does not *reset* it." Roby v. Mitchem, 2012 U.S. Dist. LEXIS 67121, at *8, 2012 WL 1745529, at *3 (N.D. Ala. May 1, 2012) (emphasis in original).

11

McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011). A petitioner's "allegations supporting equitable tolling must be specific and not conclusory." Hutchinson v. Florida, 677 F.3d 1097, 1099 (11th Cir. 2012).

Norton has not raised an equitable tolling argument and has failed to establish any basis for equitable tolling of the statutory limitation period. Specifically, Norton has neither alleged nor demonstrated that extraordinary circumstances beyond his control prevented him from filing a timely habeas petition in this Court. Norton has also failed to allege or show that he exercised reasonable diligence in pursuing his rights. Accordingly, Norton has failed to demonstrate that he qualifies for equitable tolling.

The Court notes that Norton appears to argue that his habeas petition is not time-barred under § 2244(d)(1) because "the United States Constitution does not have a time limit" and "therefore neither does a constitutional right vi[o]lation." (Doc. 1 at 11; Doc. 9 at 2). However, this is not a valid rebuttal to a statute of limitations defense in a federal habeas proceeding. Neither the limitations statute nor federal case law make an exception to § 2244(d)(1)'s timeliness rules when a petitioner claims there was a "constitutional right vi[o]lation." Thus, Norton's suggestion that § 2244(d)(1)'s one-year limitation period does not apply to his claims is meritless.

**C.  Actual Innocence**

A habeas petitioner's actual innocence, if proved, may serve as a gateway to consideration of constitutional claims otherwise time-barred under § 2244(d)(1)'s one-year limitation period. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). To successfully assert actual innocence as a gateway to review of time-barred claims, a habeas petitioner is required "(1) to present new reliable evidence . . . that was not presented at trial, and (2) to show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (per curiam) (internal quotation marks and citations omitted). The actual innocence gateway requires a petitioner to show "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

Norton makes no credible showing of actual innocence and presents no new reliable evidence as required. Therefore, the actual innocence exception does not permit consideration of Norton's time-barred claims.

In summary, Norton's habeas petition is untimely filed, and he has failed to demonstrate his entitlement to equitable tolling or that is he actually innocent of the crimes for which he was convicted. Accordingly, the undersigned recommends that the

instant habeas petition be dismissed as time-barred pursuant to § 2244(d)(1), and that judgment be entered in favor of Respondent.[4]

## IV. **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, R. 11(a). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).

Where, as here, a habeas petition is dismissed on procedural grounds without reaching the merits of any underlying constitutional claim, a certificate of appealability "should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484

---

[4] Because the Court finds that Norton's petition is time-barred, it is not necessary to reach any other arguments raised by the Respondent.

14

(2000). A prisoner seeking a certificate of appealability "must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quotations omitted). However, a certificate of appealability "does not require a showing that the appeal will succeed." Id. at 337.

After reviewing the issues presented in light of the applicable standards, the undersigned submits that reasonable jurists would not conclude that this Court is in error in dismissing the instant petition as time-barred, or that Norton should be allowed to proceed further. See Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further"). As a result, it is recommended that Norton be **DENIED** a certificate of appealability in conjunction with the dismissal of the present § 2254 habeas petition.[5]

---

[5] Rule 11(a) of the Rules Governing Section 2254 Cases provides for the following procedure: "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing § 2254 Cases, R. 11(a). Accordingly, if there is an objection to this recommendation by Norton, he may bring his argument to the attention of the District Judge in the objections permitted to this report and recommendation. Should this Court deny a certificate of

15

V.   **APPEAL *IN FORMA PAUPERIS***

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. See Coppedge v. United States, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. Cofield v. Ala. Pub. Serv. Comm'n, 936 F.2d 512, 515 (11th Cir. 1991).

Ghee v. Retailers Nat. Bank, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam).

Considering this legal standard, and for the reasons outlined above, it is recommended that the Court **CERTIFY** that any appeal by Norton of the dismissal of the present § 2254 petition would be without merit and therefore not taken in good faith, thus denying

---

appealability, Norton "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Id.

him entitlement to appeal *in forma pauperis*.[6]

## VI.   CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Norton's § 2254 habeas petition (Doc. 1) be **DISMISSED with prejudice** as time-barred pursuant to § 2244(d)(1), and that judgment be entered in favor of Respondent Warden David Lamar and against Petitioner Norton.  The undersigned further **RECOMMENDS** that Petitioner Norton be **DENIED** a certificate of appealability, and that the Court **CERTIFY** that any appeal by Petitioner Norton of the dismissal of the present § 2254 habeas petition would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or

---

[6] Norton may still file a motion to proceed *in forma pauperis* on appeal with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **18th** day of **October, 2024.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**